**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jullian Lee SIMMONS, Defendant–Appellant.**

No. 99–50355.
D.C. No. CR–98–00263–ER–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001.*

Decided Feb. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM **

Jullian Lee Simmons appeals his conviction on the ground that the district court abused its discretion in denying his motion to substitute counsel. Because the parties are familiar with the facts, we do not recite them here.

** This disposition is not appropriate for publication and may not be cited to or by the

■ This circuit considers three factors in determining whether the district court abused its discretion in denying a defendant's motion to substitute counsel: (1) the adequacy of the district court's inquiry into the matter, (2) the extent of the conflict between the defendant and counsel, and (3) the timeliness of the defendant's motion and the extent of delay or inconvenience that would result from granting it. *United States v. Corona–Garcia*, 210 F.3d 973, 976 (9th Cir.2000).

■ 1. "[W]e accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." *United States v. Walker*, 915 F.2d 480, 483 (9th Cir.1990). The district court had before it Simmons' counsel's declaration detailing his futile efforts to work with Simmons on his defense, and conducted a colloquy with Simmons regarding the reasons that he wanted different counsel. After eliciting that Simmons was upset because he had not seen a copy of his indictment, the district court remedied the problem by having counsel show Simmons the indictment. *United States v. Castro*, 972 F.2d 1107, 1109 (9th Cir.1992). The district court then asked several more times if there were other reasons that Simmons wanted new counsel, but Simmons offered none. Given Simmons' unresponsiveness, the district court made a thorough and adequate inquiry. *Corona–Garcia*, 210 F.3d at 977.

■ 2. Because the communication breakdown between Simmons and his counsel was of Simmons' own making, the district court did not abuse its discretion in denying his motion to substitute counsel. *United States v. Roston*, 986 F.2d 1287,

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1292–93 (9th Cir.1993); *United States v. George,* 85 F.3d 1433, 1438 (9th Cir.1996).

3. The parties have not contested the timeliness of Simmons' effort to substitute counsel because the district court did not rely on this factor in its decision. We therefore do not address it here.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts